United States District Court
Eastern District of New York

1:18-cv-01046  (   ) (   )

Danielle Louis, individually and on behalf of all others similarly situated,

                        Plaintiff

- against -

MJS America LLC d/b/a Majans America LLC,

                        Defendant

Complaint

      Plaintiff Danielle Louis ("plaintiff") individually and on behalf of all others similarly situated, by attorneys, alleges upon information and belief, except for those allegations pertaining to plaintiff, which are based on personal knowledge:

      1.    MJS America LLC d/b/a Majans America LLC ("defendant") manufactures and sells snack products under the brand name "Majans Bhuja Snacks."

      2.    The relevant Majans Bhuja Snacks product to this action is named "Ancient Grain Twists" (the "Products"), and is sold to consumers through third-parties via brick-and-mortar stores and online.

      3.    Ancient grains refer to grains and pseudocereals which have been little changed by selective breeding over recent millennia.

      4.    This sets them apart from more widespread cereals and grains such as corn, rice and modern varieties of wheat, developed by humans through thousands of years of selective breeding for rapid growth and easier milling.

      5.    The grains among ancient grains include spelt, Kamut (Khorasan wheat), millet, barley, teff, freekeh, bulgur, sorghum, farro (emmer) and einkorn.

      6.    The pseudocereals among ancient grains include quinoa, amaranth, buckwheat, and chia.

1

7. Consumers increasingly seek ancient grains over modern grains because:

- they tend to come in their "whole" form, with the bran, germ and endosperm intact, which provides greater nutritional and health benefits
- higher in fiber and protein
- contain more vitamins and minerals
- gluten-free or more easily tolerated by those with gluten sensitivities

8. The front label identifies and describes the Products as "Ancient Grain Twists."

Front Label



9. The ingredients include: "Ancient Grain Twists (Rice, Sunflower and/or Canola Oil, Tapioca, Yellow Peas, Chia Seeds, Quiona Seeds, **Sesame**, Chili Powder, Salt,

2

Turmeric), Cane Sugar, Salt, Spices (Chili, **Paprika**, Turmeric, Cumin), Maltodextrin, Vegetable Powder." (bold in original)

<div style="display:flex">
<div>Back Panel</div>
<div>Ingredient List</div>
</div>



10. Though the first-listed and predominant ingredient is "Ancient Grain Twists" ("substantive ingredients"), this consists of the sub-ingredients "Rice, Sunflower and/or Canola Oil, Tapioca, Yellow Peas, Chia Seeds, Quiona Seeds, **Sesame**, Chili Powder, Salt, Turmeric."

11. As commonly consumed and understood, rice and peas are not ancient grains.

12. Modern-day rice is produced through milling, which removes the husk, bran layer and germ to produce a white rice kernel.

13. Peas are neither grains nor cereals, but legumes, from the plant family Fabaceae.

14. The non-substantive, other ingredients include spices and seasonings.

3

15. The Products are misleading because they are identified and described as "Ancient Grain Twists," when the substantive ingredients are predominantly rice and peas, as opposed to the smaller amounts of the actual ancient grains present, chia and quinoa.

16. Plaintiff believed the Products consisted of only ancient grains because it had the name of "Ancient Grain Twists."

17. Excluding tax, the Products cost no less than $2.99, a premium price compared to other similar products.

## Jurisdiction and Venue

18. Jurisdiction is proper pursuant to 28 U.S.C. § 1332(d)(2).

19. Upon information and belief, the aggregate amount in controversy is more than $5,000,000.00, exclusive of interests and costs.

20. This Court has personal jurisdiction over defendant because it conducts and transacts business, contracts to supply and supplies goods within New York.

21. Venue is proper because plaintiff and many class members reside in this District and defendant does business in this District and in New York.

22. A substantial part of events and omissions giving rise to the claims occurred in this District.

## Class Allegations

23. The classes consist of all consumers in all states and all consumers in New York State who purchased any Products bearing any actionable representations herein during the statutes of limitation periods.

24. A class action is superior to other methods for the fair and efficient adjudication of this controversy.

25. The class is so numerous that joinder of all members, even if permitted, is impracticable, as there are likely hundreds of thousands of members.

26. Common questions of law or fact predominate and include whether the representations were likely to deceive reasonable consumers and if plaintiff and class members are entitled to damages.

27. Plaintiff's claims and the basis for relief are typical to other members because all were subjected to the same representations.

28. Plaintiff is an adequate representative because her interests do not conflict with other members.

29. No individual inquiry is necessary since the focus is only on defendant's practices and the class is definable and ascertainable.

30. Individual actions would risk inconsistent results, be repetitive and are impractical to justify, as the claims are modest.

31. Plaintiff's counsel is competent and experienced in complex class action litigation and intends to adequately and fairly protect class members' interests.

32. Plaintiff seeks class-wide injunctive relief because the practices continue, with the injunctive class maintained as a class action because it meets the same criteria as the non-injunctive class.

## Parties

33. Plaintiff is a citizen of Kings County, New York.

34. MJS America LLC is an Illinois limited liability company with offices in Wilmette, Illinois and Kennesaw, Georgia.

35. Upon information and belief, no member of MJS America LLC is a citizen of

New York.

36. Plaintiff paid a premium relative to similar products because prior to purchase, plaintiff saw and relied on the front label identification and description, "Ancient Grain Twists."

37. Plaintiff understood "Ancient Grain Twists" to mean that the substantive ingredients were exclusively ancient grains and desired to purchase such a product.

38. In 2017, plaintiff purchased the Ancient Grain Twists for no less than $2.99, excluding tax, at a store within this District.

### Violations of New York General Business Law §§ 349 & 350

39. Plaintiff repeats and realleges all allegations in foregoing paragraphs.

40. Defendant's acts, practices, advertising, labeling, packaging, representations and omissions are not unique to the parties and have a broader impact on the public.

41. The identification and description of the Products as "Ancient Grain Twists" tells the reasonable consumer that the substantive components of the Products are exclusively ancient grains.

42. This is false, deceptive and misleading because the predominant ingredients are non-ancient grains.

43. No reasonable consumer would expect a product described and identified as Ancient Grain Twists to be made from non-ancient grains.

44. The representations and omissions were relied on by plaintiff and class members, who paid more than they would have without getting all they bargained for.

### Breach of Express Warranty and Implied Warranty of Merchantability

45. Plaintiff repeats and realleges all allegations in foregoing paragraphs.

6

46. Defendant manufactures and sells snack products purporting to consist exclusively of ancient grains and warranted same to plaintiff and class members.

47. The Products did not conform to their affirmations of fact and promises, wholly due to defendant's actions.

48. As a result, the Products lacked those attributes attributed by consumers to a product only containing ancient grains.

49. Plaintiff and class members relied on defendant's claims, paying more than they would have otherwise.

### Fraud

50. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

51. Defendant described and identified the Products as Ancient Grain Twists when it could have used different, non-misleading names.

52. Defendant's purpose was to mislead consumers who desired snack products made exclusively from ancient grains.

53. Plaintiff and class members paid more than they would have due to the false representations, entitling them to damages.

### Unjust Enrichment

54. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs as if fully set forth herein.

55. Defendant obtained benefits and monies because the Products were not as represented, to the detriment and impoverishment of plaintiff and class members, who seek restitution and disgorgement of such inequitably obtained profits.

Jury Demand and Prayer for Relief

Plaintiff demands a jury trial on all issues.

**WHEREFORE,** plaintiff, individually and on behalf of all others similarly situated, prays for judgment:

1. Declaring this a proper class action, certifying plaintiff as representative and the undersigned as counsel for the class;

2. Entering preliminary and permanent injunctive relief by directing defendant to correct its practices to comply with the law;

3. Awarding monetary damages and interest, including treble and punitive damages, pursuant to the common law and GBL claims;

4. Awarding costs and expenses, including reasonable fees for plaintiff's attorneys and experts; and

5. Such other and further relief as the Court deems just and proper.

Dated: February 18, 2018

                              Respectfully submitted,

                              Levin-Epstein & Associates, P.C.
                              /s/Joshua Levin-Epstein
                              Joshua Levin-Epstein
                              1 Penn Plaza, Suite 2527
                              New York, NY 10119
                              Tel: (212) 792-0046
                              joshua@levinepstein.com

                              Sheehan & Associates, P.C.
                              /s/Spencer Sheehan
                              Spencer Sheehan
                              891 Northern Blvd., Suite 201
                              Great Neck, NY 11021
                              Tel: (516) 303-0552
                              spencer@spencersheehan.com

1:18-cv-01046   (    ) (    )
United States District Court
Eastern District of New York

Danielle Louis, individually and on behalf of all others similarly situated

Plaintiff

- against -

MJS America LLC d/b/a Majans America LLC

Defendant

## Complaint

Levin-Epstein & Associates, P.C.
1 Penn Plaza
Suite 2527
New York, NY 10119
Tel: (212) 792-0046
Fax: (212) 563-7108

Pursuant to 22 NYCRR 130-1.1, the undersigned, an attorney admitted to practice in the courts of New York State, certifies that, upon information, and belief, formed after an inquiry reasonable under the circumstances, the contentions contained in the annexed documents are not frivolous.

Dated:  February 18, 2018

                                                    /s/ Joshua Levin-Epstein
                                                  Joshua Levin-Epstein